Opinion by
Hurt, J.
§ 80. Agency; proof of. It is a general rule that the declarations or admissions of one who assumes to be agent for another are not of themselves admissible to prove such agency. [Latham v. Pledger, 11 Tex. 440.] But such, declarations or admissions are admissible in connection with other facts tending to prove agency, though not of themselves sufficient to establish such agency.
§81. Agent; authority of; rules as to. Ordinarily an agent, having authority to collect a debt, has no authority to compound or release it, and when such authority is claimed for the agent, it devolves upon the party so-claiming it, to prove it. Upon the subject of an agent’s authority, Mr. Story, in his work on Agency, says:: “§ 98. In some cases, the nature and extent of the incidental authority turn upon very nice considerations, either of actual usage or of implications of law. Thus, an agent employed to make, or negotiate, or conclude a contract, is not, as of course, to be treated as having an incidental authority to receive payments which may become due under such contracts. An agent authorized to take a bond is not to be deemed, as of course, entitled to receive payment of the money due under that bond. But if he is intrusted with the continued possession of that bond, an implication of such authority may be deduced *64 from that fact in connection with the other. So, an agent, authorized to receive payment, has not an unlimited authority to receive it in any mode which he may choose; but he is ordinarily deemed entitled to receive it only when and after it becomes due, and not before it becomes due. But if there be a known usage of trade, or course of business in a particular employment, or habit of dealing between the parties, extending the ordinary reach of the authority, that may well be held to give full validity to the act.” “§ 99. Upon similar grounds, an agent employed to' receive payment is not, unless some special authority beyond the ordinary reach is given to him, clothed with authority to commute the debt for another thing, or to compound the debt, or to release it upon a composition (or to receive the debtor’s note for it), or to pledge a note received for the debt, or the money when received, or to submit the debt or demand to arbitration, unless, indeed, the particular employment of the agent, or the general usage of business, or the habits of dealing between the parties, should raise a presumption the other way.” In this case, one of the defendants pleaded that he had been released from the obligation sued on by an agent of the plaintiff, and upon this plea judgment was rendered in his favor. Held, that conceding the proof to be sufficient that said defendant was released from the debt by an agent of the plaintiff, there is no proof that such agent had authority to make such release. It was not shown that such agent was specially authorized to execute the release; or that his employment, or the general usage of the business, or the habits of dealing between the parties, were such as to raise the presumption that he had such authority.
December 12, 1883.
Reversed and remanded.